FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
10/8/2019 1:46 PM
JAMIE SMITH
DISTRICT CLERK
A-204670

*EXHIBIT A*

CAUSE NO. A-204670

| | | |
|---|---|---|
| VINCENT ARCENEAUX and<br>ROSA ARCENEAUX,<br>Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | 58th JUDICIAL DISTRICT |
| STATE FARM LLOYDS,<br>Defendant. | §<br>§ | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiffs, Vincent Arceneaux and Rosa Arceneaux, file this original petition against defendant, State Farm Lloyds (hereinafter referred to as "State Farm"), and allege as follows:

### A. DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seeks monetary relief over $100,000.

### B. RELIEF

2. Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000. TEX. R. CIV. P. 47(c)(4).

### C. PARTIES

3. Plaintiffs, Vincent Arceneaux and Rosa Arceneaux, are individuals and are residents of Jefferson County.

4. Defendant, State Farm Lloyds, hereinafter "State Farm," is a domestic insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may

*EXHIBIT A*

be served with process by serving its registered agent, Corporation Service Company located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### D. Jurisdiction

5. This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

### E. Venue

6. Venue is mandatory and proper in Jefferson County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### F. Conditions Precedent

7. All conditions precedent to recovery have been performed, waived, or have occurred.

### G. Facts

8. Plaintiffs are the owners of a homeowner insurance policy, policy number 90-NB-8527-5, issued by the Defendant (hereinafter referred to as the "Policy").

9. Plaintiffs own the insured property that is specifically located at 3460 Westmoreland, Beaumont, Texas 77705 (hereinafter referred to as the "property").

10. Defendant or its agent sold the policy, insuring the property, to plaintiffs.

11. On or about August 29, 2017, plaintiffs' property sustained windstorm damage. Plaintiffs' roof sustained extensive damage during the storm including damage to the shingles, pipe jack, drip edge, and other structural parts of the roof. Plaintiffs' property also sustained exterior damage to the sheathing plywood, digital satellite system, and trim. Water intrusion

*EXHIBIT A*

from the roof damaged the interior of the home including the including the walls, insulation and ceilings of the living room. After the storm, plaintiffs filed a claim with plaintiffs' insurance company, State Farm, for the damages to plaintiffs' home caused by the storm.

12. Plaintiffs submitted a claim to State Farm against the policy for damage caused to the property as a result of the windstorm damage. Plaintiffs asked State Farm to cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy. State Farm assigned claim number 531649B37 to plaintiffs' claim.

13. . On or about October 11, 2017, John Altemose ("Altemose"), on behalf of State Farm, inspected the property in question. At all relevant times, Altemose was acting within the course and scope of his employment with State Farm. In addition, and in the alternative, Altemose was acting as State Farm's authorized agent and within the scope of that agency relationship. The windstorm damage caused significant damage to the roof, including pitting and loss of granules to the shingles. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion. The wind lifted and loosened the nails that previously fastened the shingles to the sheathing. Water penetrated the newly created openings and damaged the plywood sheathing.

14. Altemose's unreasonable investigation of the claim included a failure to comply with State Farm's policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under State Farm's policies and procedures including repairs to the roof jack, drip edge, and other structural parts of the roof. Altemose performed an unreasonable investigation by failing to document all of the damage to the roof. Altemose did not conduct a thorough roof inspection and did not allow the cost to remove and replace the

roof. As a result of Altemose's unreasonable and brief investigation, plaintiffs were wrongly denied the full cost to replace the roof.

15. Altemose performed an insufficient and unreasonable interior investigation of the property. The windstorm damage caused extensive damage to the walls, floors, and ceilings of the living room. The extensive damage to the interior of the property called for the drywalls to be sealed, hung, taped, and floated, removal and replacement of insulation, repair to the texture, painting, and content removal. Altemose did not conduct a thorough interior inspection and only allowed for minimal repairs for interior damages. As a result of Altemose's unreasonable investigation, plaintiffs were wrongly denied the full cost to repair all of the interior damage.

16. Despite documenting damage to the interior, Altemose performed an insufficient and unreasonable interior investigation of the home. As a result, Altemose missed significant interior damages to plaintiffs' home. Altemose conducted an insufficient inspection and prematurely closed plaintiffs' claim. At the time of the investigation, premature closing of claims was part of a pattern and practice of claims handling by State Farm.

17. State Farm failed to properly adjust the claim and defendant has denied at least a portion of the claim without an adequate investigation, even though the policy provided coverage for losses such as those suffered by the plaintiffs. Furthermore, State Farm underpaid portions of plaintiffs' claims by not providing full coverage for the damages sustained by plaintiffs, as well as under-scoping the damages during its investigation.

*EXHIBIT A*

18. To date, State Farm continues to delay in the payment for the damages to the property. As such, plaintiffs' claim(s) still remain unpaid and Insured still has not been able to properly repair the property.

19. State Farm employs a system that, when properly operated, ensures a prompt, fair and efficient delivery of State Farm's promise to pay. State Farm's claims system consists of, in part, the following:

    a. Claims adjusting policies and procedures;

    b. Claims handling procedures and materials and claim files to track customer claims;

    c. Claim files containing documentation relating to:

        (1) the investigation of Insured's claim;

        (2) the evaluation of coverage, liability and damages;

        (3) negotiation or alternative dispute resolution (ADR) to achieve settlement; and

        (4) litigation management.

    d. Claims underwriting procedures, files and reports that relate to:

        (1) the condition of the risk at the time of underwriting and during the investigation of the claim;

        (2) information provided by State Farm's claims representatives to underwriting department about the condition of the risk;

        (3) information related to State Farm's establishment of "loss reserves," or funds set aside to pay losses such as the loss at issue in this lawsuit;

*EXHIBIT A*

      (4)    loss control measures instituted by State Farm's underwriting department to identify corrective measures created to prevent or mitigate losses on this risk; and

      (5)    on-site inspections conducted by State Farm's loss control personnel to provide underwriters with a thorough assessment of the risk.

    e.    Personnel files and procedures relating to the qualifications, training and supervision of its employees; and

    f.    State Farm's relationships with and procedures created to supervise third-party adjusters that it allows to handle its customers' claims.

20.    State Farm failed to follow applicable claim adjusting policies and procedures, including its own claim adjusting policies and procedures, while handling plaintiffs' claim.

21.    In addition, State Farm failed to properly assess the condition of the risk during the underwriting process and during the policy period and State Farm failed to establish a loss reserve that was commensurate with the risk and possible extent of the loss. State Farm's improper underwriting actions negatively impacted the amount of funds available for a fair payment of plaintiffs' claim and provided State Farm with a motive to underpay and/or wrongly deny plaintiffs' claim.

22.    State Farm failed to properly qualify, train and supervise its employees and agents to whom State Farm entrusted the handling of various portions of plaintiffs' claim. The identity of these agents and employees include, but are not limited to John Altemose, and Michael Wyatt.

23.    State Farm, its agents and employees failed to follow procedures and properly execute their duties as promulgated in State Farm's system of administering and handling plaintiffs'

*EXHIBIT A*

claim. State Farm's actions, as detailed in the facts of this petition and the allegations set forth below, caused a system failure that resulted in State Farm's violation of the Texas Insurance Code, Texas Deceptive Trade Practices Act, as well as the violation of a host of Texas common law principles of law. These violations resulted in State Farm's denial to plaintiffs of the full protection and benefits of these laws and the policy benefits to which plaintiffs were entitled.

### H. COUNT 1 - BAD FAITH

24. Plaintiffs are an insured under an insurance contract issued by State Farm, which gave rise to a duty of good faith and fair dealing.

25. Defendant breached the duty by denying and delaying payment of a covered claim when defendant knew or should have known its liability under the policy was reasonably clear.

26. Following its initial inspection conducted on October 11, 2017, State Farm possessed all information necessary to enable it to make a fair coverage and payment determination on plaintiffs' claim. In addition, following its initial inspection, State Farm failed to provide coverage for all of the covered damage, including the damage that plaintiffs' inspector discovered during his inspection. Although State Farm designed its claims investigation system in a manner that would ensure timely claim payments, reasonable property inspections, and thorough property inspections, State Farm failed to honor its obligation to perform a reasonable investigation and issue timely payment to plaintiffs.

27. Defendant's breach of duty proximately caused injury to plaintiffs, which resulted in the following damages:

    a. mental anguish damages; and

    b. loss of policy benefits.

28. <u>Exemplary damages.</u> Plaintiffs suffered injury independent of the loss of policy benefits, and that injury resulted from defendant's gross negligence, malice, or actual fraud, which entitles plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### I. COUNT 2 - BREACH OF CONTRACT

29. In addition to other counts, State Farm breached its contract with plaintiffs.

30. Plaintiffs and defendant executed a valid and enforceable insurance contract. The contract stated that defendant would pay the replacement cost of all damage which occurred to plaintiffs' property caused by a covered peril, and that plaintiffs would pay insurance premiums and perform other obligations as outlined in the insurance policy.

31. Plaintiffs fully performed plaintiffs' contractual obligations.

32. State Farm breached the contract by refusing to pay the full amount of the cost to repair or replace the property. State Farm failed and refused to pay any of the proceeds of the policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the policy had been carried out and accomplished by plaintiffs.

33. Plaintiffs seeks unliquidated damages within the jurisdictional limits of this court.

34. <u>Attorney Fees.</u> Plaintiffs are entitled to recover reasonable attorney fees under Texas Civil Practice & Remedies Code chapter 38 because this suit is for breach of a written contract. Plaintiffs retained counsel, who presented plaintiffs' claim to State Farm. State Farm did not tender the amount owed within 30 days of when the claim was presented.

### J. COUNT 3 – DECEPTIVE INSURANCE PRACTICES

*EXHIBIT A*

35. Defendant State Farm failed to explain to plaintiffs the reasons for State Farm's offer of an inadequate settlement. State Farm failed to offer plaintiffs adequate compensation without adequate explanation of the basis in the policy for its decision to make less than full payment. Furthermore, State Farm did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the policy, nor did they provide any explanation for the failure to adequately settle plaintiffs' claim.

36. State Farm failed to affirm or deny coverage of plaintiffs' claim within a reasonable time. Specifically, plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from State Farm.

37. State Farm refused to fully compensate plaintiffs under the terms of the policy, even though State Farm failed to conduct a reasonable investigation. State Farm performed an outcome-oriented investigation of the plaintiffs' claim which resulted in a biased, unfair and inadequate evaluation of plaintiffs' losses on the property.

38. State Farm failed to meet its obligations under the Texas Insurance Code regarding its duties to timely acknowledge plaintiffs' claim, begin an investigation of plaintiffs' claim, and request all information reasonably necessary to investigate plaintiffs' claim within the statutorily mandated time of receiving notice of plaintiffs' claim.

39. State Farm failed to accept or deny plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. In addition, State Farm failed to communicate with plaintiffs to ensure that plaintiffs understood the coverage denials he received.

40. Defendants' acts or practices violated:

*EXHIBIT A*

a. Texas Insurance Code chapter 541, subchapter B.

(1) Misrepresenting to a claimant a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1).

(2) Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A).

(3) Not promptly giving a policyholder a reasonable explanation, based on the policy as it relates to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim. TEX. INS. CODE §541.060(a)(3).

(4) Not affirming or denying coverage within a reasonable time. TEX. INS. CODE §541.060(a)(4)(A).

(5) Refusing to pay a claim without conducting a reasonable investigation. TEX. INS. CODE §541.060(a)(7).

(6) Making an untrue statement of material fact. TEX. INS. CODE §541.061(1).

(7) Leaving out a material fact, so that other statements are rendered misleading. TEX. INS. CODE §541.061(2).

b. Texas Deceptive Trade Practices Act §17.46(b).

(1) Representing that an agreement confers or involves rights, remedies, or obligations that it does not, or that are prohibited by law. TEX. BUS. & COM. CODE §17.46(b)(12).

c. Texas Insurance Code Chapter 541.151.

*EXHIBIT A*

41. Defendants' acts and practices were a producing cause of injury to plaintiffs which resulted in the following damages:

    a. actual damages; and

    b. insurance policy proceeds.

42. Plaintiffs seek damages within the jurisdictional limits of this Court.

43. <u>Additional damages.</u> Defendants acted knowingly, which entitles plaintiffs to recover treble damages under Texas Insurance Code section 541.152(b).

44. <u>Attorney fees.</u> Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Insurance Code section 541.152(a)(1).

### K. COUNT 4 - LATE PAYMENT OF CLAIMS

45. Plaintiffs are insureds under a contract for homeowner's insurance issued by defendant.

46. Defendant State Farm is a corporation.

47. Plaintiffs suffered a loss covered by the policy and gave proper notice to State Farm of plaintiffs' claim.

48. State Farm is liable for the claim and had a duty to pay the claim in a timely manner.

53. Defendant breached its duty to pay Plaintiffs' claim in a timely manner by not timely:

    a. acknowledging the claim;

    b. investigating the claim;

    c. requesting information about the claim;

    d. paying the claim after wrongfully rejecting it; and

*EXHIBIT A*

    e.    paying the claim after accepting it.

49.    State Farm's breach of duty caused injury to plaintiffs, which resulted in the following damages:

    a.    mental anguish damages;

    b.    policy proceeds;

    c.    prejudgment interest

50.    <u>Statutory damages.</u> Plaintiffs are entitled to recover actual damages in the amount of the claim, and under Texas Insurance Code section 542.060(a), statutory damages of 18% of the amount of the claim.

51.    <u>Attorney fees.</u> Plaintiffs are entitled to recover reasonable attorney fees under Texas Insurance Code section 542.060(b).

### L. Jury Demand

52.    Plaintiffs respectfully requests a trial by jury.

### M. Request for Disclosure

53.    Under Texas Rule of Civil Procedure 194, plaintiffs requests that defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

### N. Prayer

54.    For these reasons, plaintiffs ask that plaintiffs be awarded a judgment against defendants for the following:

    a.    Actual damages.

    b.    Statutory damages.

    c.    Prejudgment and postjudgment interest.

## *EXHIBIT A*

    d.    Court costs.

    e.    Attorney fees.

    f.    All other relief to which plaintiffs are entitled.

*EXHIBIT A*

Respectfully submitted,

SCOTT LAW OFFICES, P.C.
P.O. Box 53358
Houston, Texas 77052
Telephone: (713) 941-9309
Facsimile: (844) 270-0740


_/s/Danny Ray Scott_
DANNY RAY SCOTT
State Bar No. 24010920
casenotifications@scottlawyers.com

*Attorney for Plaintiff*